UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:
Jayesh G. Hukmichand,
Ranu Jain                                                                        Case No. 19-72099-AST
                                                                                          Chapter 7


                                                   Debtors.
---------------------------------------------------------X

# DECISION AND ORDER DENYING DEBTOR'S
# MOTION TO VACATE ORDER DENYING DEBTOR'S DISCHARGE

Pending before the Court is a motion filed by Debtors Jayesh G. Hukmichand and Ranu Jain (the "Debtors") seeking to vacate the Order issued by this Court on December 27, 2019, denying Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A) (the "Motion to Vacate").

After due deliberation and consideration, Debtors' Motion to Vacate is denied.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(a). This Court has the authority to hear and determine the issues raised under 28 U.S.C. § 157(b)(1) and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011. Venue lies pursuant to 28 U.S.C. § 1408. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Background and Procedural History*

The factual background and procedural history are taken from the docket entries, pleadings, exhibits, letters, and other papers submitted by the parties. The material facts are not in dispute.

On March 22, 2019, Debtors filed a petition under chapter 7 of title 11 of the United States Bankruptcy Code.

By letter dated May 6, 2019, Marc A. Pergament, the duly appointed and acting chapter 7 trustee (the "Trustee") had requested bank statements, cancelled checks, and IRS forms from both of the Debtors and Debtors' closed business, Oceanside Liquors, LLC.

On June 17, 2019, having not received those records, the Trustee filed a motion to (i) extend the time for the Trustee to object to the Debtors' discharge under 11 U.S.C. §§ 707 and 727 through September 30, 2019; and (ii) compel the Debtors to provide the Trustee with all documents requested by the Trustee on or before July 23, 2019 [Dkt. Item 18].

On July 15, 2019, Debtors filed a letter of no objection to the Trustee's motion [Dkt. Item 20].

On September 10, 2019, the Court entered an Order: (i) compelling Debtors to provide Trustee with the requested information by September 20, 2019; (ii) establishing a compliance hearing for September 24, 2019; and (iii) extending the time to object to discharge through September 30, 2019 [Dkt. Item 22].

On September 24, 2019, the Court held the compliance hearing. At the compliance hearing, the Trustee stated he had received no communications from Debtors and that he was still missing several requested documents. The Court instructed the Debtors to provide the Trustee with the requested documents by October 15, 2019.

Debtors did not provide the Trustee with the required documents by the established October 15, 2019 deadline.

On October 16, 2019, the Court entered an Order (the "October 16 Order"): (i) compelling Debtors to provide the Trustee with the following documents by October 28, 2019:

(a) Oceanside Liquors, LLC's Form 1165 for 2018; (b) Oceanside Liquors, LLC's bank statements for January 1, 2018 through April 30, 2018; and (c) Oceanside Liquors, LLC's cancelled checks for January 1, 2018 through April 30, 2018; and (ii) further extending the time for Trustee to file an objection to the Debtor's discharge through November 13, 2019 [Dkt. Item 25]. The October 16 Order also provided that in the event Debtors failed to produce the documents to Trustee by October 28, 2019, the Court would consider the denial of Debtors' discharge and a finding of civil contempt.

The Court scheduled a second compliance hearing for November 7, 2019, which was thereafter adjourned to November 13, 2019.

On November 13, 2019, the Court held the second compliance hearing. Neither Debtors nor Debtors' Counsel appeared. The Trustee stated at the second compliance hearing that Debtors were not compliant with the October 16 Order. The Court held that cause existed to deny Debtors' discharge and that Debtors were in civil contempt of the October 16 Order.

On December 27, 2019, the Court entered an Order (the "Denial Order"): (i) denying the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A); and (ii) finding the Debtors in civil contempt of the October 16 Order, and sanctioning each Debtor the sum of $50.00 per day from October 29, 2019 until the Debtors complied with the October 16 Order [Dkt. Item 28].

No appeal was taken from the Denial Order nor was a timely motion to reconsider filed. In fact, there was no further activity on the Denial Order occurred, nor was information provided concerning Debtors' compliance, for over a year and a half.

On July 12, 2021, Trustee filed his Final Report, Proposed Distribution, and Application for Compensation (the "Final Report") [Dkt. Item 37].

On August 19, 2021, almost 20 months after entry of the Denial Order, Debtors filed the present Motion to Vacate [Dkt. Item 43]. Debtors stated, through counsel, that despite best efforts, they were unable to get all the requested documents and information prepared by the October 28, 2019 deadline this Court had set long ago. Debtors further asserted that they did not receive notification of the adjourned second compliance hearing and therefore, were unrepresented at the November 13, 2019 second compliance hearing. Debtors also stated they eventually became compliant with Trustee's requests by January 23, 2020.

Debtors request that the Court vacate the Denial Order pursuant to Federal Rule of Civil Procedure 60(b)(1) ("Federal Rule"). They assert that the Court's denial of their discharge pursuant to 11 U.S.C. § 727(a)(6)(A) was made due to a mistake of law or fact, because Debtors did not willfully disobey the October 16 Order. Debtors further seek relief under Federal Rule 60(b)(1) by asserting that any perceived non-compliance of the Court's instructions was the result of inadvertence and excusable neglect [Dkt. Item 43].

On August 24, 2021, the Court held a hearing on the Final Report. Neither Debtors nor Debtors' Counsel appeared at the hearing on the Final Report.

On August 26, 2021, the Court entered an Order granting the Final Report [Dkt. Item 44].

On September 21, 2021, the Trustee filed his Affirmation in Opposition to the Motion to Vacate (the "Opposition") [Dkt. Item 45]. The Trustee delineated the history of Debtors non-compliance, and further stated that he had served notice of both the October 16 Order and of the adjourned November 13, 2019 second compliance hearing by mail to Debtors and by email to Debtors' Counsel. The Trustee argued that because a motion to vacate a judgment under Federal Rule 60(b)(1) must be made one year from entry of judgment, and that because Debtors had waited almost 20 months to move for such relief, the Motion to Vacate is untimely.

4

On October 19, 2021, the Court held a hearing on the Motion to Vacate. At the hearing, Debtors reiterated they had trouble obtaining all the documents they were required to provide, and their non-compliance with the October 16 Order was not willful. Debtors relied on the fact that they turned over their tax returns on January 6, 2020 and the remaining requested documents on January 23, 2020 as evidence that Debtors' non-compliance was not willful.

The Trustee relied on the Debtors' history of non-compliance in his opposition.

The Court ordered the parties to file a statement of agreed and disputed facts by November 3, 2021.

On November 2, 2021, the parties filed a joint statement, advising the Court that there is no dispute that Debtors turned over their tax returns on January 6, 2020 and the remaining requested documents on January 23, 2020 [Dkt. Item 49]. Thereafter, the Court took the matter under submission.

*Discussion*

Federal Rule 60(b)(1), as made applicable to bankruptcy cases under Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), provides for relief from a judgment, order, or proceeding due to mistake, inadvertence, surprise, or excusable neglect. *See Niederland v. Chase*, 2011 WL 2023253, at *1 (2d Cir. 2011). A motion under Federal Rule 60(b) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c).  However, motions specifically under Federal Rule 60(b)(1) must be made no more than one year after the entry of the judgment, order, or date of the proceeding. *See id*; *see also In re Tender Loving Care Health Servs., Inc.,* 562 F.3d 158, 161 (2d Cir. 2009) (holding Federal Rule 60(c) requires a motion for relief from a final order on the grounds of mistake must be made "no more than a year after the entry of the judgment or order or the date of the proceeding…[Bankruptcy] Rule 9024

incorporates the one-year time limitation of Rule 60(c) but provides an exception to the limitation for, *inter alia*, a motion to reconsider an order allowing a claim that has been 'entered without a contest'"). The specific exceptions to Federal Rule 60 and Bankruptcy Rule 9024 are not applicable here.

Because Debtors waited to move for relief under Federal Rule 60(b)(1) almost 20 months after the Denial Order was issued, the Motion to Vacate is untimely.

However, even considering Debtors' untimely arguments, Debtors have not demonstrated that the Denial Order should be vacated due to a mistake of law or fact. "The term 'mistake' as used in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact." *In re Coughlin*, 568 B.R. 461, 477 (Bankr. E.D.N.Y. 2017) (quoting *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009)). Section 727(a)(6)(A) clearly allows a bankruptcy court to deny discharge where the debtor has refused to obey any lawful order of the court, other than an order to respond to a material question or to testify. *See* 11 U.S.C. § 727(a)(6)(A). Refusal under 11 U.S.C. § 727(a)(6)(A) is not simply based on a failure to comply, but rather on a debtor having acted willfully and intentionally. *See In re Gardner*, 384 B.R. 654, 669-70 (Bankr. S.D.N.Y. 2008).

The mistake alleged by Debtors was this Court's holding that Debtors willfully disobeyed the October 16 Order. However, Debtors base their arguments on matters that were not part of the record before this Court at the time the Denial Order was entered. They seek to litigate matters they failed to bring to the Court's attention before the Denial Order was entered and have thus failed to demonstrate that the Court made an error based on the record before it.

Further, it is apparent that Debtors acted willfully and intentionally in refusing to obey the Court's September 1, and October 16, 2019 orders, which compelled the production of

records the Trustee had been seeking since at least May 6, 2019. Such intent is inferred through the chronology of Debtors' non-compliance in the face of explicit Orders from the Court and the failure to diligently act even after being held in civil contempt and even after being assessed a fine of $50.00 per day until they complied. Debtors were clearly on notice of their obligations as set out in clear and unambiguous Orders of this Court. They not only failed to comply but made no record with this Court of any efforts to comply before the Denial Order was entered, or for 20 months thereafter.

In addition, Debtors do not assert that they actually complied before the deadlines set by the Court. They only assert some vague inability to do so, and their compliance months later. The Court is unconvinced that Debtors eventual compliance, in the face of a civil contempt citation and daily sanctions, is sufficient to prove that the Denial Order was entered due to a mistake of law or fact.

The Court is equally unconvinced by Debtors' assertion that inadvertence and excusable neglect resulted in their not delivering the documents in time [Dkt. Item 43]. Federal Rule 60(b)(1) also allows a movant to obtain relief by demonstrating either inadvertence or excusable neglect. "Excusable neglect is an 'elastic concept,' that considers all relevant circumstances…including whether it was in the control of the movant and whether the movant acted in good faith." *Wassah*, 417 B.R. at 183. For the reasons stated above, Debtors' non-compliance in the face of explicit Court Orders does not warrant relief under Federal Rule 60(b)(1) for inadvertence or excusable neglect.

## CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that Debtors' Motion to Vacate is denied.



Dated: December 22, 2021
Central Islip, New York

Alan S. Trust
Chief United States Bankruptcy Judge

8